Burket,. J.
The water-works act authorizes the appointment of commissioners of water-works by *60 the governor of the state in cities of the first grade of the first class, upon request of the board of such city having charge of the water supply, and for the construction of water-works, or the enlargement, extension and improvement of existing water-works by such commissioners, at a cost to the city of not exceeding six millions five hundred thousand dollars, for which bonds are to be issued by such commissioners, to be secured by a lien upon the water-works property then owned, and thereafter acquired by such city, and upon the net income of the water-works, and by a pledge of the faith and credit of such city.
The water-works, when so constructed, or enlarged, extended and improved, are to be owned and operated by the city for the benefit of its inhabitants.
After providing for the appointment and qualification of said commissioners, and prescribing their duties and powers, and providing as to plans, surveys and specifications, so as to secure an abundant supply of pure water, there is contained in said act section six, which is as follows:
“Section 6. Said commissioners are authorized to acquire by purchase or by the proceedings hereinafter mentioned, in behalf of such city, all real and personal property and franchises necessary for the proper construction of water-works, if there be none existing, and for the enlargement, extension, improvement or addition to existing water-works; and whenever, for such construction or the completion of any part or parts of such enlargements, extensions, improvements or additions, it shall be necessary to use or occupy any street or other public way, space, park or ground, or any part thereof, belonging to such *61 city, or to cross any stream under the control of the state, said commissioners may take and use or occupy the same on behalf of the city for such purposes; and whenever it shall be necessary, in the opinion of said commissioners, to appropriate any land, turnpike, highway or franchise of any description, or any easement or interest in any of the same, in order to carry out the purposes set forth in this act, either within or without the limits of such city, or, whenever, for like reason, it shall be necessary, in the opinion of said commissioners, to appropriate land for the foundations or abutments of piers across any stream within this state, said commissioners are authorized to commence and conduct, in the name of such city, proceedings therefor under and according to chapter 3, division 7, title 12, of the Revised Statutes, and the acts amendatory and supplementary thereto, and no concurrent action of any board or officer shall be necessary; and all the powers with respect to such proceedings that are now vested in any other board or officer, shalL be vested also in and may be exercised by said commissioners. ’ ’ •
Section seven of the act prescribes the manner of proceeding by said commissioners in the construction, or enlargement, extension and improvement of water-works for the city, to be owned and operated by it.
Section eight is as follows:
“Section 8. If said commissioners should deem it inexpedient or inadvisable to proceed under section 7 of this act, then, in order to provide for the construction of water-works, if. there be none existing, or for the enlargement, improvement or addition to existing water-works, said commis *62 sioners are hereby authorized to contract, in the name of the city, with any person, company, or corporation, their successors or assigns, for the construction of such works, or such enlargements, extensions, improvements or additions, as an entirety, in accordance with the surveys, plans and specifications that may be adopted, and for the exclusive privilege of connecting such enlargements, extensions, improvements, or additions to the existing water-works, and for a lease on behalf of such city of such water-works of such enlargements, extensive improvements or additions to the same, from the person, company or corporation, their successors or assigns so constructing the same, upon such terms as may be agreed upon, and may by said contract or lease pledge the income of such water-works as so constructed . and enlarged, to secure the payment of the rentals provided in said lease. And said commissioners are hereby authorized to convey to such person, company or corporation, their successors or assigns, any property or rights acquired, or which may become necessary to acquire, under the provisions of section 6 of this act, or authorize the use of any property which may be necessary to enable the said person, company or corporation, their successors or assigns, to complete the construction or enlargements, extensions, improvements or additions to existing’ water works, upon such terms and conditions as may be ag’reed upon; provided, however, that no such lease shall be made for a longer period than forty years, renewable forever, with the right reserved to said city, upon six months’ notice in writing, at the end of each period of ten years, or at such shorter period as may be agreed upon *63 during the term of said lease, to purchase said water-works, or the enlargements, extensions improvements, and additions to the water-works,, under -such terms and conditions as may be agreed upon in said contract; and provided, further, that* in making such contract, said commissioners shall be governed by all the statutes now in force relative to competitive bidding, and the making of contracts. And provided further, that if said commissioners enter into said contract and lease, as herein provided for, then said work shall be operated, managed and conducted by such city as provided bylaw.”
The serious question is, whether this section eight is constitutional. Section six of article eight of the constitution is as follows: “The general assembty shall never authorize any county, city, town or township, by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation or association whatever, or to raise money for or loan its credit to, or in aid of, any such company, corporation or association.”
The full scope of this section of the constitution has not yet been determined by this court. In Walker v. The City of Cincinnati, 21 Ohio St., 15, the court says: “The mischief which this section interdicts, is a business partnership between a municipality, or subdivision of the state, and individuals or private corporations or associations. It forbids the union of public and private capital or credit in any enterprise whatever.”
In Taylor v. Commissioners of Ross County, 23 Ohio St., 22, the court, on page 78, say: “And if it shall be deemed wise and economical to authorize municipalities, who own water-works or gas works, to lease them as a means of supplying *64 the public needs, we know of no constitutional impediment. But this is a different thing from investing public money in the enterprises of others, or from aiding them with money or credit.
“In one case, the whole proprietary interest is in the public, and its authority is paramount, while in the other the reverse is true.”
This section of the constitution not only prohibits a “business partnership,” which carries the idea of a joint or undivided interest, but it goes further and prohibits a municipality from being the owner of part of a property which is owned and controlled in part by a corporation or individual. The municipality must be the sole owner and controller of the properly in which it invests its public funds. A union of public and private funds or credit each in aid of the other, is forbidden by the constitution. There can be no union of public and private funds or credit, nor of that which is produced by such funds or credit.
The whole ownership and control must be in the public. The city may lease from an individual or corporation any property of which it may need the use, or having property the use of which it does not need, it may lease the same to others, but it cannot engage in an enterprise with an individual or corporation for the construction or erection of a property which, as a completed whole, is to be owned and controlled in part by the city, and in part by an individual or corporation.
The sixth section of the act contemplates, that the plans, surveys and specifications having been agreed upon, the commissioners shall select the site and acquire the necessary real and personal property and franchises, by purchase or appropriation for the construction of water-works, or *65 for the enlargement, extension or improvement of existing water-works, together with the right to use and occupy any street or public ground and cross any stream, in short to get everything ready to proceed to the construction, or enlargement of water-works under section seven of the act. Everything being thus in readiness, and having been acquired by the commissioners with the public funds of the city, the eighth section provides that if said commissioners should deem it inexpedient, or inadvisable to proceed under said section seven for the construction or enlargement of water-works, said commissioners may contract in the name of the city with any person, company or corporation for the construction or enlargement of such water-works, as an entirety, in accordance with the surveys, plans and specifications adopted, and for the exclusive privilege of connecting such enlargements with the existing water works, and for the lease of such works or enlargements bjr the city from the owners upon such terms as may be agreed upon.
It will be noticed by a careful reading of section eight, that the water-works and the enlargements will be owned by the person, company or corporation constructing them, that the existing water works are owned by the city, that to these water works so owned by the city, an individual or corporation may make enlargements, extensions, improvements and additions to be owned by the person or corporation making them, and to be connected with the existing works, and to be leased to the city upon such terms as may be agreed upon. When the enlargements, extensions, improvements and additions shall be thus made, completed and connected with the existing *66 water-works so owned by the city, the enlargements, extensions, improvements and additions, together with the existing works, all taken together, will constitute one completed whole — one waterworks system, one water-works — owned in part by the city, and in part by the individual or corporation, and thereby the union of public and private capital and funds in one enterprise will become complete.
The provision that the works shall be operated, managed and conducted by the city, does not relieve the matter, because before the city can operate the works, it must first obtain a lease upon such terms as may be agreed upon, and that puts it beyond the power of the city to operate and control the works as sole proprietor.' It would be a joining of- two. properties owned by different parties, together, to make one property, the parts owned by each being- necessary to the successful operation of the whole, and each owner having his say as to the terms and conditions upon which the whole should be operated. The existing water works would be so tied to the extensions as to be dependent upon them, and the extensions would be so tied to the existing works as to be of but little value without them. It is this close connection and dependence one upon the other that constitutes both together as a single whole, and makes a union of public and private funds and credit. The existing works are to be connected with the new improvements, and are thereby to lend aid to the person, company or corporation making and owning such new improvements.
The case is not like a city leasing a building or water-works plant owned by another, because in such case the leased property, would stand upon *67 its own merits, and would not, before or after the lease, become merged into the other property of the city so that the whole would become one property, and make the property of the city dependent upon the leased property for its value and utility.
Whether the city has the right to appropriate private property, for the sole purpose of selling the same to a private person, company or corporation, as provided in the sixth and eighth sections, may well be doubted.
We regard the eighth section of the act as clearly in conflict with section six of article eight of the constitution, and therefore void.
The remainder of the act, in so far as it does not depend upon section eight, is a complete statute in itself, and not in conflict with any provision of the constitution. The reasons for so holding are sufficiently stated in the opinion of the circuit court in this ease, reported in 12 Circuit Court Reports, 119.
As to the water rent act, it is sufficient to say that the general assembly has full power to legislate upon the subject, and provide the purpose to which the water rent shall be applied, and there is no injustice in applying the water rent to aid in the construction of the water-works, and the power to do so is certainly ample. Water rents are not, strictly speaking, taxes, and certainly not taxes on property to be regulated under article twelve of the constitution. Whether this statute applies water-rents to general revenue, as urged by counsel, is doubtful, but, even if it does, the act is not thereby rendered unconstitutional. In raising general revenue, all property must be taxed, except such as may be exempted under section two of article twelve, but this does not prohibit *68 the legislature from procuring general revenue from sources other than taxation on property. The State ex rel. v. Ferris, 53 Ohio St., 314. The judgment in the water rent case should be affirmed and the judgments in the water-works cases should be so/modified as to grant the injunctions prayed for as to proceedings under section eight of the act, and to refuse the injunctions as to the remainder of the act.

Judgment accordingly.